# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No. 8:16-cv-01222-CJC-KES               Date: January 9, 2018

Title: LEWELLYN CHARLES COX, IV v. UNITED STATES OF AMERICA, et al.

PRESENT:

<u>THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE</u>

| <u>Jazmin Dorado</u> | <u>Not Present</u> |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**       **Order To Show Cause Re Service Costs— Defendants Wesley Schwark and James Mikkelson**

Plaintiff Lewellyn Charles Cox, IV, a prisoner, has been granted <u>in forma pauperis</u> status in this action. (Dkt. 6.) He is therefore statutorily entitled to the assistance of the United States Marshal Service (the "Marshal") in serving process. 28 U.S.C. § 1915(d).

On November 3, 2017, the Marshal filed Process Receipts and Returns indicating that Defendants Wesley Schwark and James Mikkelson, who are alleged to be "Secret Service Agents," had been personally served through "Agent in Charge" Tin Nguyen. (Dkts. 56, 57.) The United States Attorney's Office has filed a notice of appearance on behalf of Defendants Schwark and Mikkelson. (Dkt. 59.)

The service receipts reflect that the Marshal had previously sent service waivers by mail to those Defendants on September 11, 2017. (Dkts. 56, 57.) The Marshal subsequently addressed the attached correspondence to the Court advising that Defendants Schwark and Mikkelson had not returned the service waivers. The Marshal therefore requests reimbursement of $65.54 from each for the costs of personal service.

Rule 4 of the Federal Rules of Civil Procedure ("Rule 4") provides that an individual subject to service "under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). Accordingly, that rule provides a process by which a plaintiff may request that a defendant waive service of summons. <u>Id.</u> Rule 4 further

states that, if "a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant … the expenses later incurred in making service .…" Fed. R. Civ. P. 4(d)(2).

Pursuant to subsection (i) of Rule 4, a United States officer or employee sued in an individual capacity in connection with duties performed on the United States' behalf must be served "under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3). Accordingly, Defendants Schwark and Mikkelson as federal agents appear to be subject to the duty imposed by Rule 4, subsection (d) to "avoid unnecessary expenses of serving summons." See Fed. R. Civ. P. 4(d)(1).

Those Defendants are therefore ordered to show cause in writing *on or before January 31, 2018* why they should not be ordered to reimburse the Marshal $65.54 each for the cost of personal service since it appears that they received, but did not return, a service waiver. Alternatively, they may remit that amount to the Marshal and notify the Court.

Initials of Deputy Clerk JD